UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | Civil Action No. 21-1251 |
| v. | Amended Complaint |
| FirstCash, Inc.; Cash America West, Inc.; FCFS AL, Inc.; Cash America East, Inc.; Cash America Inc. of Alaska; Georgia Cash America, Inc.; FCFS IN, Inc.; FCFS TN, Inc.; FCFS OH, Inc.; FCFS KY, Inc.; Cash America, Inc. of Louisiana; FCFS MO, Inc.; Cash America of Missouri, Inc.; Cash America, Inc. of North Carolina; FCFS NC, Inc.; Cash America, Inc. of North Carolina; FCFS OK, Inc.; FCFS SC, Inc.; Pawn TX, Inc.; Cash America Pawn L.P.; and Cash America Advance, Inc., | |
| Defendants. | |

The Consumer Financial Protection Bureau files this Amended Complaint against FirstCash, Inc.; Cash America West, Inc.; FCFS AL, Inc.; Cash America East, Inc.; Cash America Inc. of Alaska; Georgia Cash America, Inc.; FCFS IN, Inc.; FCFS TN, Inc.; FCFS OH, Inc.; FCFS KY, Inc.; Cash America, Inc. of Louisiana; FCFS MO, Inc.; Cash America of Missouri, Inc.; Cash America, Inc. of North Carolina; FCFS NC, Inc.; Cash America, Inc. of North Carolina; FCFS OK, Inc.; FCFS SC, Inc.; Pawn TX, Inc.; Cash America Pawn L.P.; and Cash America Advance, Inc. (collectively, Defendants) and alleges as follows.

1

## Introduction

1. The Bureau brings this action under the Military Lending Act, 10 U.S.C. § 987, and its implementing regulation, 32 C.F.R. pt. 232, (collectively, the MLA) in connection with Defendants' extensions of consumer credit.

2. The Bureau also brings this action under § 1036 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536, to address violations of a prior Bureau order by FirstCash, Inc. in connection with its extensions of consumer credit.

## Jurisdiction and Venue

3. This Court has subject-matter jurisdiction over this action because it presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

4. This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants are located, reside, or do business in this district. 12 U.S.C. § 5564(f).

## Parties

5. The Bureau is an independent agency of the United States created by the CFPA and charged with regulating the offering and providing of consumer-financial products and services under federal consumer-financial laws. 12 U.S.C. § 5491(a). It has independent litigating authority and may initiate civil actions in federal district court to secure appropriate relief for violations of the MLA. 10 U.S.C. § 987(f)(6); 15 U.S.C. § 1607(a)(6); 32 C.F.R. § 232.10. The Bureau may also initiate civil actions in federal district court to address violations of "Federal consumer financial law," including the Bureau's orders. 12 U.S.C. §§ 5481(14); 5564(a)–(b).

6. FirstCash, Inc. (FirstCash) is a Delaware corporation with its principal place of business in Fort Worth, Texas. FirstCash owns and operates over 1,000 retail

2

pawnshops in the United States, offering pawn loans through its wholly owned corporate subsidiaries.

7. Cash America West, Inc. (CAW) is a Nevada corporation with its principal place of business in Fort Worth, Texas. CAW, a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Arizona, Nevada, Utah, and Washington from which it, together with FirstCash, extends or extended pawn loans.

8. FCFS AL, Inc. is an Alabama corporation with its principal place of business in Fort Worth, Texas. FCFS AL, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Alabama and Missouri from which it, together with FirstCash, extends or extended pawn loans.

9. Cash America East, Inc., is a Florida corporation with its principal place of business in Fort Worth, Texas. Cash America East, Inc., a wholly owned subsidiary of FirstCash, operates or operated during the relevant period pawn stores in Alabama, Florida, and South Carolina from which it, together with FirstCash, extends or extended pawn loans.

10. Cash America Inc. of Alaska is an Alaskan corporation with its principal place of business in Fort Worth, Texas. Cash America Inc. of Alaska, a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Alaska from which it, together with FirstCash, extends or extended pawn loans.

11. Georgia Cash America, Inc., is a Georgia corporation with its principal place of business in Fort Worth, Texas. Georgia Cash America, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Georgia from which it, together with FirstCash, extends or extended pawn loans.

12. FCFS IN, Inc., is an Indiana corporation with its principal place of business in Fort Worth, Texas. FCFS IN, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Indiana from which it, together with FirstCash, extends or extended pawn loans.

13. FCFS TN, Inc., is a Tennessee corporation with its principal place of business in Fort Worth, Texas. FCFS TN, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Indiana, Kentucky, Ohio, and Tennessee from which it, together with FirstCash, extends or extended pawn loans.

14. FCFS OH, Inc., is an Ohio corporation with its principal Ohio place of business in Cincinnati, Ohio. FCFS OH, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Ohio from which it, together with FirstCash, extends or extended pawn loans.

15. FCFS KY, Inc., is a Kentucky corporation with its principal place of business in Fort Worth, Texas. FCFS KY, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Kentucky from which it, together with FirstCash, extends or extended pawn loans.

16. Cash America, Inc. of Louisiana, is a Delaware corporation with its principal place of business in Fort Worth, Texas. Cash America, Inc. of Louisiana, a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Louisiana from which it, together with FirstCash, extends or extended pawn loans.

17. FCFS MO, Inc., is a Missouri corporation with its principal place of business in Fort Worth, Texas. FCFS MO, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Missouri from which it, together with FirstCash, extends or extended pawn loans.

18. Cash America of Missouri, Inc., is a Missouri corporation with its principal place of business in Fort Worth, Texas. Cash America of Missouri, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Missouri from which it, together with FirstCash, extends or extended pawn loans.

19. Cash America, Inc. of North Carolina is a North Carolina corporation with its principal place of business in Fort Worth, Texas. Cash America, Inc. of North Carolina, a wholly owned subsidiary of FirstCash, operates or operated pawn stores in

Nevada and North Carolina from which it, together with FirstCash, extends or extended pawn loans.

20. FCFS NC, Inc., is a North Carolina corporation with its principal place of business in Fort Worth, Texas. FCFS NC, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in North Carolina from which it, together with FirstCash, extends or extended pawn loans.

21. FCFS OK, Inc., is an Oklahoma corporation with a place of business in Fort Worth, Texas. FCFS OK, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Tennessee and Oklahoma from which it, together with FirstCash, extends or extended pawn loans.

22. FCFS SC, Inc., is a South Carolina corporation with a place of business in Fort Worth, Texas. FCFS SC, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in South Carolina from which it, together with FirstCash, extends or extended pawn loans.

23. Pawn TX, Inc., is a Texas corporation with its principal place of business in Fort Worth, Texas. Pawn TX, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Texas from which it, together with FirstCash, extends or extended pawn loans.

24. Cash America Pawn L.P., is a Delaware limited partnership with its principal place of business in Fort Worth, Texas. Cash America Pawn L.P., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Texas from which it, together with FirstCash, extends or extended pawn loans.

25. Cash America Advance, Inc., is a Delaware corporation with its principal place of business in Fort Worth, Texas. Cash America Advance, Inc., a wholly owned subsidiary of FirstCash, operates or operated pawn stores in Texas from which it, together with FirstCash, extends or extended pawn loans. (The subsidiaries identified in paragraphs 7-25 are referred to collectively throughout as the FirstCash

Subsidiaries.)

26. FirstCash directs and controls the FirstCash Subsidiaries and their lending operations. FirstCash sets the lending, operational, and compliance policies and practices that the FirstCash Subsidiaries and their employees must follow and requires the FirstCash Subsidiaries to use FirstCash's propriety point-of-sale system when they makes pawn loans.

27. Each Defendant is a "creditor" under the MLA because, during the relevant period, each Defendant has—considered by itself and together with its affiliates—engaged in the business of extending consumer credit, and each Defendant meets the transaction standard for a "creditor" under Regulation Z, 12 C.F.R. Part 1026, with respect to extensions of consumer credit to borrowers covered by the MLA. 32 C.F.R. § 232.3(i)(3). Defendants are "affiliates" under 32 C.F.R. § 232.3(a). FirstCash "controls" the FirstCash Subsidiaries, and the FirstCash Subsidiaries are "controlled by" FirstCash. *Id.*

28. Defendants' loans are "consumer financial product[s] or service[s]," and each Defendant is a "covered person" under the CFPA. 12 U.S.C. § 5481(5)(A), (6)(A), (15)(A)(i).

## Factual Background

*Military Lending Act*

29. The MLA contains protections for active-duty servicemembers and their dependents—defined collectively as "covered borrowers," 10 U.S.C. § 987(i)(1), (2); 32 C.F.R. § 232.3(g)—in connection with extensions of consumer credit. Those protections include a maximum allowable amount of all charges that may be associated with an extension of credit; a prohibition against requiring arbitration; and mandatory loan disclosures. 10 U.S.C. § 987(b), (c), (e)(3); 32 C.F.R. §§ 232.4(b), 232.6, 232.8(c). Any credit agreement, promissory note, or other contract with a

covered borrower that fails to comply with any provision of the MLA or contains one or more prohibited provision is void from the inception of the contract. 10 U.S.C. § 987(f)(3); 32 C.F.R. § 232.9(c). Department of Defense regulations required newly covered creditors, such as pawn brokers, to bring their operations into compliance with the MLA by October 3, 2016. *See* 32 C.F.R. § 232.12(a).

30. Between June 2017 and May 2021 (the only period for which the Bureau currently has Defendants' transactional data), Defendants FirstCash and CAW together made over 3,600 pawn loans to more than 1,000 covered borrowers from stores in Arizona, Nevada, Utah, and Washington. All of these loans constituted "consumer credit" under the MLA because they were offered or extended to covered borrowers primarily for personal, family, or household purposes and were subject to a finance charge. 32 C.F.R. § 232.3(f)(1)(i). All of these loans imposed an APR over 36%, with APRs frequently exceeding 200%.

31. Loans originated from Defendants' stores in Arizona, Nevada, Utah, and Washington make up about 10% of FirstCash's nationwide pawn-loan transactions.

32. On information and belief, between October 3, 2016, and the present, FirstCash has, together with the FirstCash Subsidiaries, made additional pawn loans under similar terms to covered borrowers from stores in these and other states.

*The Bureau's 2013 Order*

33. In 2013, the Bureau issued an administrative order against Cash America International, Inc. (Cash America) based, in part, on Cash America's violations of the MLA. *See Cash Am. Int'l*, File No. 2013-CFPB-0008 (Nov. 21, 2013) (the 2013 Order). The 2013 Order prohibited Cash America and its successors "from any further violations of 10 U.S.C. § 987 [the MLA], as implemented by regulations of the Department of Defense." The 2013 Order remains in effect today.

7

34. According to a Form 8-K filed by FirstCash on September 2, 2016, with the United States Securities and Exchange Commission, Cash America and First Cash Financial Services, Inc. (FCFS) completed a "merger of equals business combination" on September 1, 2016. Since their merger, Cash America and FCFS have operated as a "combined company" under the name FirstCash, Inc.

35. Since the merger and at all times material to this Amended Complaint, FirstCash has been a successor to Cash America and therefore subject to the 2013 Order.

## Count One

*Violations of the MLA by FirstCash and the FirstCash Subsidiaries*

*(Exceeding the MLA's Rate Cap)*

36. The Bureau re-alleges and incorporates by reference paragraphs 1–35.

37. The MLA provides that the cost of consumer credit to a covered borrower may not exceed an annual percentage rate of 36%. 10 U.S.C. § 987(b). The annual percentage rate applicable to extensions of credit to covered borrowers is called the Military Annual Percentage Rate or MAPR, 32 C.F.R. §§ 232.3(p), 232.4. For closed-end credit transactions—such as the pawn loans that Defendants made to covered borrowers—the MAPR is calculated following the rules for calculating and disclosing the "Annual Percentage Rate (APR)" for credit transactions under Regulation Z, 12 C.F.R. pt. 1026, but included in such MAPR calculations are the charges, costs, and fees listed in the MLA. 32 C.F.R. § 232.4(c). Creditors, such as Defendants, are prohibited from imposing an MAPR greater than 36% in connection with an extension to a covered borrower of closed-end consumer credit. 32 C.F.R. § 232.4(b).

38. Since October 3, 2016, Defendants have made thousands of pawn loans to more than 1,000 covered borrowers, which loans imposed an MAPR greater than 36%.

8

39. Defendants violated the MLA each time they made such a loan.

### Count Two

*Violations of the MLA by FirstCash and the FirstCash Subsidiaries*
*(Requiring Covered Borrowers to Submit to Arbitration)*

40. The Bureau re-alleges and incorporates by reference paragraphs 1–35.

41. The MLA makes it unlawful for any creditor to extend consumer credit to a covered borrower with respect to which the creditor requires the borrower to submit to arbitration in the case of a dispute. 10 U.S.C. § 987(e)(3); 32 C.F.R. § 232.8(c).

42. Since October 3, 2016, Defendants have made thousands of pawn loans to more than 1,000 covered borrowers by way of loan contracts requiring the borrowers to submit to arbitration in the case of a dispute.

43. Defendants violated the MLA each time they made such a loan.

### Count Three

*Violations of the MLA by FirstCash and the FirstCash Subsidiaries*
*(Failing to Make Disclosures to Covered Borrowers)*

44. The Bureau re-alleges and incorporates by reference paragraphs 1–35.

45. The MLA requires creditors that extend consumer credit to covered borrowers to make certain loan disclosures before or at the time the borrower becomes obligated on the transaction or establishes an account for the consumer credit. 10 U.S.C. § 987(c); 32 C.F.R. § 232.6(a). The mandatory loan disclosure must include a statement of the MAPR applicable to the extension of consumer credit. 10 U.S.C. § 987(c)(1)(A); 32 C.F.R. § 232.6(a)(1).

46. Since October 3, 2016, Defendants have made thousands of pawn loans to more than 1,000 covered borrowers without making all loan disclosures required by the MLA.

47.     Defendants violated the MLA each time they made such a loan.

## Count Four

*Violations of the CFPA by FirstCash*

*(Violating the 2013 Order's Prohibition against MLA Violations)*

48.     The Bureau re-alleges and incorporates by reference paragraphs 1–47.

49.     Under § 1036(a)(1)(A) of the CFPA, it is unlawful for covered persons, such as FirstCash, to "commit any act or omission in violation of a Federal consumer financial law." 12 U.S.C. § 5536(a)(1)(A).

50.     The 2013 Order is an "order prescribed by the Bureau" and is therefore a "Federal consumer financial law." 12 U.S.C. § 5481(14).

51.     The 2013 Order provides that "Respondent . . . shall cease and desist from any further violations of 10 U.S.C. § 987, as implemented by regulations of the Department of Defense."

52.     The 2013 Order defines "Respondent" to include all successors of Cash America International, Inc.

53.     FirstCash is and at all times material to this Amended Complaint has been a successor of Cash America International, Inc.

54.     The 2013 Order is in effect and has been in effect during all times material to this Amended Complaint.

55.     Since October 3, 2016, while the 2013 Order was in effect, FirstCash has, together with the FirstCash Subsidiaries, made thousands of pawn loans to more than 1,000 covered borrowers in violation of 10 U.S.C. § 987 and its implementing regulation, 32 C.F.R. Part 232.

56.     FirstCash's violations of the MLA violated the 2013 Order and thereby violated a Federal consumer financial law. Accordingly, FirstCash violated § 1036(a)(1)(A) of the CFPA. 12 U.S.C. § 5536(a)(1)(A).

## Demand for Relief

The Bureau requests that the Court:

a. permanently enjoin Defendants from committing future violations of the MLA;

b. permanently enjoin FirstCash from committing future violations of the Bureau's 2013 Order;

c. permanently enjoin Defendants from collecting debts arising from consumer-credit agreements that were void *ab initio* and from selling or assigning such debts;

d. order Defendants to correct inaccurate information furnished to consumer-reporting agencies relating to amounts delinquent or currently owed with respect to consumer-credit agreements that were void *ab initio*;

e. grant additional injunctive relief as the Court deems just and proper;

f. order Defendants to pay damages, restitution, and other monetary relief to consumers;

g. order disgorgement or compensation for unjust enrichment;

h. rescind consumer-credit agreements that were void *ab initio*;

i. impose on Defendants civil money penalties;

j. award costs against Defendants; and

k. award additional relief as the Court deems just and proper.

Respectfully submitted,

Eric Halperin
*Enforcement Director*
Cara Petersen
*Principal Deputy Enforcement Director*
Kara K. Miller

11

*Assistant Litigation Deputy*

/s/Jacob A. Schunk
Jacob A. Schunk (IA AT001908)
Lane C. Powell (MI Bar No. P79432)
Maxwell S. Peltz (CA Bar No. 183662)
Navid Vazire (NY Bar No. 4520391)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Schunk): 202-718-0934
Telephone (Powell): 415-844-9784
Telephone (Peltz): 415-633-1328
Telephone (Vazire): 202-725-8397
Fax: 703-642-4585
jacob.schunk@cfpb.gov
lane.powell@cfpb.gov
maxwell.peltz@cfpb.gov
navid.vazire@cfpb.gov
*Attorneys for the Consumer Financial Protection Bureau*