UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>          Plaintiff,<br><br>   v.<br><br>FIRSTCASH, INC., et al.<br><br>          Defendants. | Civil Action No. 4:21-cv-01251-P |

**FIRSTCASH DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants FirstCash, Inc.; Cash America West, Inc.; FCFS AL, Inc.; Cash America East, Inc.; Cash America Inc. of Alaska; Georgia Cash America, Inc.; FCFS IN, Inc.; FCFS TN, Inc.; FCFS OH, Inc.; FCFS KY, Inc.; Cash America, Inc. of Louisiana; FCFS MO, Inc.; Cash America of Missouri, Inc.; Cash America, Inc. of North Carolina; FCFS NC, Inc.; FCFS OK, Inc.; FCFS SC, Inc.; Pawn TX, Inc.; Cash America Pawn L.P.; and Cash America Advance, Inc. (collectively, "FirstCash") in the above-styled and numbered action and file this Motion for Partial Summary Judgment related to their bona fide error defense under the Military Lending Act ("MLA"). FirstCash is entitled to partial summary judgment determining that the bona fide error defense is not unavailable as a matter of law in this case as the Consumer Financial Protection Bureau ("CFPB") contends. FirstCash is further entitled to partial summary judgment dismissing the first three counts of the Amended Complaint.

**SUMMARY**

FirstCash moves for partial summary judgment, requesting that the Court determine that the bona fide error defense is an available defense under the MLA in this litigation, over the CFPB's argument that the defense does not apply when it is the plaintiff. Specifically, the plain language of the statute provides that the bona fide error defense is a bar to civil liability, without regard to whether the matter is filed by a private plaintiff or the government. The MLA's legislative history and the CFPB's previous position on the issue also support this conclusion.

Further, the CFPB has repeatedly made judicial admissions that it is not bringing this action under the authority that the MLA grants to it, but that instead it brings this action under the Truth in Lending Act, 15 U.S.C. § 1607 (TILA) and the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5536 (CFPA) and seeks the remedies under TILA and the CFPA. Those admissions compel this Court to dismiss the first three counts of the Amended Complaint, which are premised exclusively on a violation of the MLA.

Each of the required matters set forth in Local Rule 56.3(a) will be set forth in FirstCash's brief in support filed contemporaneously with this Motion.

**REQUESTED RELIEF**

FirstCash respectfully asks the Court to enter an order granting this Motion for Partial Summary Judgment. Further, it asks the Court to dismiss counts one, two, and three

of the Amended Complaint with prejudice based on a lack of jurisdiction.  FirstCash also seeks all relief to which it may be entitled.


Dated: July 23, 2024                    Respectfully submitted,


**ALSTON & BIRD LLP**

*/s/ Alix D. Allison*

VARTABEDIAN, HESTER & HAYNES

Alix Allison
Texas State Bar No. 24086261
VARTABEDIAN, HESTER & HAYNES
301 Commerce Street, Suite 3635
Fort Worth, Texas 76102
Telephone: 817-214-4973
alix.allison@vhh.law

ALSTON & BIRD LLP

Michael J. Agoglia
California State Bar No. 154810
(*Pro Hac Vice*)
John Redding
California State Bar No. 149076
(*Pro Hac Vice*)
ALSTON & BIRD LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105-0912
Telephone: 415-243-1011
Facsimile: 415-243-1001
Michael.agoglia@alston.com
john.redding@alston.com

*Attorneys for FirstCash*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 23, 2024, I caused a true and correct copy of this document to be served upon counsel of record for plaintiff Consumer Financial Protection Bureau by filing with the Court's electronic-filing system.

*/s/ Michael J. Agoglia*
Michael J. Agoglia
